IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY DWIGHT HORTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-3417-K-BN |
| | § | |
| NATASHA KING, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Without paying the statutory filing fee, Plaintiff Gregory Dwight Horton filed a complaint *pro se*. *See* Dkt. No. 3. United States District Judge Ed Kinkeade referred Horton's complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the complaint with prejudice as frivolous.

## Discussion

A district court is required to screen a civil complaint filed *in forma pauperis* (that is, without payment of the filing fee) and may summarily dismiss that complaint (or any portion of it) if the complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per

curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006)), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177; citation omitted).

"[F]airness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (cleaned up; quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007)); *see also Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

And these findings, conclusions, and recommendations provide notice, while the period for filing objections affords an opportunity to respond. *See, e.g., Starrett*, 2018 WL 6069969, at *2 (citations omitted).

A district court's authority to dismiss an action that "fails to 'state a claim for relief that is plausible on its face'" extends to dismissal of "claims that are 'clearly baseless,' including 'claims describing fantastic or delusional scenarios.'" *Starrett*, 763 F. App'x at 383-84 (quoting *Twombly*, 550 U.S. at 570, then *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (concluding that dismissal "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them")).

A review of Horton's filing reflects that the complaint presents claims and allegations that qualify as clearly baseless, irrational, or wholly incredible, requiring dismissal with prejudice. Among other things, he alleges that the City of Dallas, officers of the Dallas Police Department, attorneys with the Dallas County District Attorney's Office, and individuals associated with Turning Point Missionaries and Faith of Memorial Baptist Church committed hate crimes leading him to be homeless and are connected to the death of his sons, the trafficking of his daughters, and extortion of his parents' insurance. *See* Dkt. No. 3.

Further, these claims are largely duplicative of claims dismissed as frivolous in two earlier cases. *See Horton v. King*, No. 3:23-cv-2540-B-BT, 2023 WL 9198121 (N.D. Tex. Dec. 22, 2023), *rec. accepted*, 2024 WL 130411 (N.D. Tex. Jan. 11, 2024); *Horton v. Northern Dist. Fed. Gov't*, No. 3:24-cv-698-D-BT, 2024 WL 3585635 (N.D. Tex. July 3, 2024), *rec. accepted*, 2024 WL 3585603 (N.D. Tex. Jul. 29, 2024).

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint

before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Horton has failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, Horton could allege cogent and viable legal claims. Thus, the undersigned concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

## Sanctions

And, because of his frivolous filing history in this Court, Horton has been "warned that if he persists in filing frivolous or baseless cases, or cases in which the court lacks subject matter jurisdiction, the court may impose monetary sanctions and/or bar him from bringing any further actions." *Horton v. Northern Dist. Fed. Gov't*, No. 3:24-cv-698-D, 2024 WL 3585603 (N.D. Tex. July 29, 2024). In addition to the two cases discussed above, Horton has had at least two other cases dismissed for lack of subject matter jurisdiction. *See Horton v. King*, No. 3:23-cv-2049-E-BN, 2023 WL 6964059 (N.D. Tex. Sept. 20, 2023), *rec. accepted*, 2023 WL 6966073 (N.D. Tex. Oct. 20, 2023); *Horton v. FBI*, No. 3:23-cv-2138-N-BK, 2023 WL 8720896 (N.D. Tex. Oct. 23, 2023), *rec. accepted*, 2022 WL 8720692 (N.D. Tex. Dec. 15, 2023).

And, since he was warned, Horton has filed at least three cases (including this one) – one of which has been dismissed for failure to prosecute. *See Horton v. City of Dallas*, No. 3:25-cv-1985-X-BT, 2025 WL 2988726 (N.D. Tex. Oct. 6, 2025), *rec. accepted*, 2025 WL 2987614 (Oct. 23, 2025) (dismissing for failure to prosecuted);

*Horton v. Turning Point Missionaries Church Co-Founders*, No. 3:25-cv-1853-B-BK (filed Aug. 12, 2025 and alleging many of the same claims as in this action but subject to PLRA filing fee and pending payment of remaining filing fee balance because action was filed while Horton was incarcerated in Dallas County Jail).

Based on Horton's filing history and continuing pattern of filing frivolous and duplicative actions despite express warning by the Court regarding the consequences for doing so, sanctions should be imposed. And Horton should be barred from filing future actions in this district without first obtaining leave.

## Recommendation

The Court should dismiss the complaint with prejudice as frivolous. And the Court should bar Horton from filing future actions in this district without first obtaining leave of court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

- 6 -

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 19, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE